IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN PENN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>)<br>_____) | Case No. 06-80031-JWL<br>09-2116-JWL |

**MEMORANDUM AND ORDER**

On March 6, 2009, the defendant, John Penn filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 17), which is presently before the court. Mr. Penn alleges three grounds for relief in his motion. First, Mr. Penn contends that his counsel was ineffective for not filing an appeal of the imposition of a term of three years of "probation" following his additional period of imprisonment for violating his supervised release. Second, he alleges that his counsel was ineffective for failing to identify that the Court lacked jurisdiction to impose a sentence upon finding Mr. Penn in violation of the conditions of his supervised release. Third and finally, Mr. Penn asserts that his counsel was ineffective for failing to pursue an appeal of his sentence, per his instructions. For the reasons set forth below, Mr. Penn's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 17) is granted to the extent he seeks the restoration of his appeal rights.

**FACTUAL BACKGROUND**

Mr. Penn was originally sentenced on February 16, 1990 in the Eastern District of Missouri to 240 months imprisonment, followed by five years of supervised release (Doc. 1, attachment 2). He had entered guilty pleas to Counts 1 and 2 of a six-count Indictment charging him with conspiracy to distribute cocaine and distribution of cocaine (Doc. 1, attachment 1 and 2). Mr. Penn was released from Bureau of Prisons custody on March 29, 2006, and he began serving his term of supervised release. In May 2006, Mr. Penn's supervision and the jurisdiction of his case was transferred to the District of Kansas (Doc. 1).

On February 26, 2008, officers with the Eudora, Kansas Police Department arrested the defendant for various charges, including: possession of marijuana, possession with intent to distribute marijuana, no drug tax stamp, illegal parking in a handicap stall, and no proof of liability insurance for a vehicle. Mr. Penn's probation officer sought to have his supervised release revoked upon receiving a report of this arrest (Doc. 3). An arrest warrant was issued, and Mr. Penn made his initial appearance concerning these violations on March 26, 2008 (Doc. 4 and 9). On April 14, 2008, the court held the final hearing on the Petition to Revoke Mr. Penn's supervised release (Doc. 15).

At this hearing, Mr. Penn admitted violating standard conditions #8, #9, and #10 of his supervised release, and the government agreed, in turn, not to pursue a revocation based on the most serious violation identified in the Violation Report. Following Mr.

Penn's admission, the court revoked the defendant's supervised release, sentenced Mr. Penn to fourteen months imprisonment, and imposed a period of three years supervised release to follow the period of incarceration. On April 25, 2008, the Judgment (Doc. 16) was filed, and Mr. Penn filed no direct appeal. On March 6, 2009, Mr. Penn filed a Motion to Vacate under § 2255 (Doc. 17).

## ANALYSIS

In his motion, Mr. Penn alleges ineffective assistance of counsel and presents three grounds for relief: he claims his counsel was ineffective (1) for failing to appeal the imposition of an additional term of "probation" following his term of imprisonment for violating his supervised release, (2) for failing to identify that the District of Kansas lacked jurisdiction to impose a sentence for his violation of supervised release, and (3) for failing to file an appeal of the court's sentence as he requested.[1]

In his § 2255 motion, Mr. Penn asserts under penalty of perjury that he "had

---

[1] The court notes that Mr. Penn has been released from physical custody while his § 2255 motion has been pending. However, the fact that Mr. Penn is no longer in Bureau of Prison custody does not make his § 2255 motion moot. As the Supreme Court has explained, "[o]ur interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). For example, in *Jones v. Cunningham*, 371 U.S. 236, 242 (1963), the Court held that a prisoner who had been placed on parole was still "in custody" due to the restrictions on his liberty imposed by the conditions of his parole. This analysis applies equally to defendants on terms of supervised release. *See United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) ("Despite the fact that Defendant had served his prison sentence at the time he filed the instant petition, he was still on supervised release and therefore remained "in custody" for that offense, thus rendering him eligible to file the instant motion."); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

instructed Trial Counsel to file an appeal on the imposition of a term of probation, and appeal the Sentencing Court's Jurisdictional authority to even impose a sentence for violation of Supervised Release" (Doc. 17, at 7). In other words, Mr. Penn has stated under penalty of perjury that he gave express instructions to his attorney to file an appeal of his sentence. In response, the government has provided no evidence contradicting Mr. Penn's sworn statement that he made such a request of his trial counsel.

"The Supreme Court has recognized repeatedly over the last thirty years that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Peguero v. United States*, 526 U.S. 23, 28 (1999); *Evitts v. Lucey*, 469 U.S. 387, 391-92 (1985); *Rodriquez v. United States*, 395 U.S. 327, 329-30 (1969)). Under *Flores-Ortega*, a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable. 528 U.S. at 477-78. If counsel does not "'file a requested appeal, a defendant is entitled to [a new] appeal without a showing that his appeal would likely have had merit.'" *Id.* at 477 (quoting *Peguero*, 526 U.S. at 28). The underlying principle is that "'[t]hose whose right to an appeal has been frustrated should be treated exactly like any other appellan[t]'" and, therefore, Mr. Penn should not have to satisfy a special threshold "requirement ... [to] 'specify the points he would raise were his right to appeal reinstated.'" *Snitz*, 342 F.3d at 1156 (citing *Flores-Ortega*, 528 U.S. at 485 (quoting *Rodriquez*, 395 U.S. at

4

330)). Because Mr. Penn's attorney failed to file an appeal of his sentence as Mr. Penn requested, Mr. Penn is entitled to an appeal "without a showing that his appeal would likely have merit." *Flores-Ortega*, 528 U.S. at 477. As a result, the government's contention that the other two grounds raised by Mr. Penn in his § 2255 motion are meritless is irrelevant to the determination that Mr. Penn's counsel was ineffective because any "lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *Snitz*, 342 F.3d at 1156. Therefore, Mr. Penn's § 2255 motion is granted to the extent he requests that his appeal rights be restored and the Clerk of the Court is directed to file a Notice of Appeal on Mr. Penn's behalf.[2] The Clerk of the Court is further directed to mail a copy of this order to Mr. Penn at the following address: 13132 Kansas Ave., Apt. C 103, Bonner Springs, Kansas, 66012.

IT IS THEREFORE ORDERED BY THE COURT THAT Mr. Penn's Motion to Vacate under 28 U.S.C. § 2255 (doc. 17) is **GRANTED**.

IT IS FURTHER ORDERED BY THE COURT THAT the Clerk of the Court prepare and file a Notice of Appeal on Mr. Penn's behalf and mail a copy of this Order and the filed Notice to Mr. Penn at his current address.

IT IS SO ORDERED.

---

[2] The court does not address the merits of Mr. Penn's other two grounds for relief as stated in his § 2255 motion as they are moot given that he has not exhausted his direct appeal rights.

5

Dated this 15th day of June, 2009, in Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge